UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| CHANCE T. S.,[1] | ) | No. 18 CV 50339 |
| | ) | |
| Plaintiff, | ) | Magistrate Judge Iain D. Johnston |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Chance T. S. brings this action under 42 U.S.C. § 405(g) seeking remand of the decision denying his social security benefits. For the reasons below, Plaintiff's motion for summary judgment is granted, the Commissioner's motion for summary judgment is denied, and the ALJ's decision is remanded for proceedings consistent with this opinion.

## I. BACKGROUND

Plaintiff filed his application for disability benefits on August 5, 2014, alleging disability caused by autism, irritable bowel syndrome, and convergence insufficiency. R. 26, 162. He originally alleged that he stopped working because of his impairments on October 2, 1996, but later amended his alleged onset date to October 2, 2014. R. 26, 28, 71, 162-63. On January 31, 2017, Plaintiff, represented by counsel,[2] appeared for a hearing before an Administrative Law Judge ("ALJ"). He was then 20 years old. R. 71, 95. At the hearing, he testified about his medical treatment, education, tutoring, home activities, and social activity. R. 72-108.

---

[1] Plaintiff's last name has been redacted in accordance with Internal Operating Procedure 22.
[2] Plaintiff's counsel in this appeal did not represent Plaintiff at the hearing before the ALJ. R. 26.

After the hearing, the ALJ followed the five-step evaluation process set forth by the Social Security Administration in 20 C.F.R. § 404.1520(a)(4) and found that the Plaintiff was not disabled. The ALJ specifically found the following: (1) at Step One, that Plaintiff had not reached the age or 22[3] or engaged in any substantial gainful activity since his alleged onset date of October 2, 2014, R. 28; (2) at Step Two, that Plaintiff had "the following severe impairment: autism," *id*.; (3) at Step Three, that Plaintiff did not have an impairment or combination of impairments that met or equaled any listed impairment, R. 31-33; (4) that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels except that he should avoid all unprotected heights and moving dangerous machinery, could not climb ladders, ropes, and scaffolds, could learn, understand, remember, and carry out simple, routine, repetitive work tasks in two-hour increments throughout a typical work day without tight quotas and timelines, meet end of day goals, and should not be required to work with the general public though could engage in brief and superficial interactions with coworkers and supervisors, R. 33; (5) at Step Four, that Plaintiff had no past relevant work, R. 41; and (6) at Step 5, that jobs exist in the national economy that Plaintiff could perform, including janitor (DOT 389.683-010), laundry worker (DOT 361.687-018), and dishwasher (DOT 318.687-010).

## II. STANDARD OF REVIEW

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the Commissioner [], with or without remanding the cause for rehearing." 42 U.S.C. § 405(g). The Commissioner's denial of disability is conclusive when supported by substantial evidence. *Id*.; *Skinner v. Astrue*, 487 F.3d 836, 841 (7th Cir. 2007). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a

---

[3] Social Security benefits are available to children under a disability before reaching 22 years old. *See* 42 U.S.C. § 402(d).

conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Court may not displace the ALJ's judgment by reconsidering facts and evidence, reweighing evidence, or by making independent credibility determinations. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008); *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). Similarly, even if reasonable minds could differ on whether a claimant is disabled, a reviewing court must affirm the ALJ's decision if it is adequately supported. *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009).

However, review of an ALJ's decision is not a rubber stamp of approval. *Biestek*, 139 S. Ct. at 1154 ("mere scintilla" not substantial evidence). The court must critically review the ALJ's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). The ALJ's conclusion will not be affirmed where he fails to build a logical bridge between the evidence and his conclusion, even if evidence exists in the record to support that conclusion. *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (where opinion is "so poorly articulated as to prevent meaningful review" the case must be remanded). Additionally, courts may not build a logical bridge for the ALJ. *Mason v. Colvin*, 13 CV 2993, 2014 U.S. Dist. LEXIS 152938, at *19-20 (N.D. Ill. Oct. 29, 2014).

### III. ANALYSIS

Plaintiff raises various arguments on appeal, including that the ALJ erred by (1) failing to appropriately analyze certain medical opinions; (2) failing to incorporate limitations in concentration, persistence, and pace in the questions posed to the vocational expert; (3) improperly evaluating his subjective symptoms; (4) failing to find his seizure disorder is a severe impairment; and (5) improperly evaluating Listing 12.10 for autism, among others. However, the Court need only address Plaintiff's first argument because it alone requires remand.

3

Plaintiff argues the ALJ improperly weighed medical opinions on record and tended "to only discuss portions of the record which affirm her decision." Dkt. 23 at 4-7. In this case, there are no treating physician opinions on record, thus no medical opinion is entitled to controlling weight. 20 C.F.R. § 404.1527(c); *Murphy v. Astrue*, No. 11 CV 831, 2011 U.S. Dist. LEXIS 102518, at *30 (N.D. Ill. Sept. 12, 2011). Instead, the ALJ was required to weigh the non-treating opinions in light of the factors in 20 C.F.R. § 404.1527(c), including whether the source examined the claimant, supportability, consistency, and the doctor's specialization. An ALJ need only minimally articulate her reasons for assigning weight to medical opinions supported by substantial evidence. *Elder*, 529 F.3d at 415. The ALJ may not cherry-pick facts supporting her own conclusions and must also address lines of unfavorable evidence that suggest disability. *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013).

Plaintiff takes issue with the ALJ's decision to assign "little weight" to a July 18, 2016, psychological and behavioral evaluation report completed by psychologist Dr. Erin Wade and psychometrist Ann Bormett. R. 38; Dkt. 23 at 4-6; Dkt. 34 at 1-2. According to the report, Plaintiff demonstrated relatively normal intellectual functioning in a series of tests evaluating several metrics, including verbal comprehension, perceptual reasoning, and IQ. R. 513-17. However, in terms of adaptive functioning, defined as the "ability to apply learned skills to everyday life," Plaintiff mostly scored well below the average range on a separate assessment called the "Scales of Independent Behavior-Revised" (SIB-R).[4] R. 513-20. Based on this assessment, Plaintiff demonstrated a "pervasive pattern of deficits" in the adaptive functioning

---

[4] According to the report, the SIB-R is an assessment designed to measure "an individual's adaptive functioning-his or her ability to apply learned skills to everyday life". R. 517. The assessment yields results that can be quantified like an IQ test, but rather than measuring intelligence, measures adaptive capacity. *Id*. Thus, the SIB-R results stand as the closest thing to an objective measure of Plaintiff's adaptive capabilities in the record.

areas of social/communication, personal living, and broad independence skills. R. 518-19. The report opined that Plaintiff's autism impairment met the requirements of a state-based disability program and, based on the results of the SIB-R assessment, delineated Plaintiff's adaptive functioning in terms of age equivalence in the following areas: self-care (three years five months), language as demonstrated by low social and communication skills (two years nine months), self-direction (between three and five years), and capacity for independent living (five years and one month). R. 519-20.

The ALJ used four specific rationales to justify discounting this report: (1) whether a claimant is disabled is a decision reserved to the Commissioner; (2) the opinion that the Plaintiff had the self-care, language, self-direction, and independent living skills of a two to five-year old was based not on tests administered by Dr. Wade and Ms. Bormett themselves, but rather on an adaptive functioning test performed by someone else weeks earlier;[5] (3) the low age ranges in adaptive functioning "contrast sharply" to Plaintiff's otherwise normal, adult level intellectual functioning and with other clinical findings from multiple sources; and (4) Plaintiff's community activities demonstrated an ability to participate in age appropriate social activity. R. 38-39.

The ALJ's first rationale, that a finding of disability is reserved to the Commissioner, warrants little discussion. Though accurate that the ultimate determination of disability is reserved to the Commissioner, the Commissioner is required to reach that determination after considering the medical evidence presented. To discount evidence from a medical professional, the ALJ must explain any error in the underlying medical professionals' reasoning or analysis. *See Dorian W. v. Berryhill*, No. 17 CV 50327, 2019 U.S. Dist. LEXIS 62161, at *10 (N.D. Ill.

---

[5] According to the report, Joyce Rudicil, a qualified intellectual disability professional ("QIDP"), administered the SIB-R adaptive functioning assessment to Plaintiff on June 23, 2016. R. 517. Dr. Wade and Ms. Bormett performed an intellectual functioning assessment during their exam of Plaintiff on July 18, 2016. R. 514-17.

Apr. 11, 2019). Without more analysis, simply pointing out that a finding of disability is reserved to the Commissioner sheds no light on the ALJ's reasons for discounting the medical opinion's reasoning.

The ALJ's second rationale, that the SIB-R was administered by someone else before Dr. Wade and Ms. Bormett's exam and there is no indication as to who completed the testing instrument, is insufficient. Here, the ALJ seemingly implies that the SIB-R results, which revealed below-average adaptive functioning were fabricated or erroneous, and that Dr. Wade and Ms. Bormett should therefore not have relied on these third-party results when opining Plaintiff was severely limited in adaptive functioning. However, neither the ALJ nor the Commissioner point to anything in the record to support these inferences of fabrication or error aside from the ALJ's suggestion that, because the SIB-R was administered by a different individual, the results are unreliable. The ALJ may not use this rationale to support her weight determination because she identifies no evidence supporting her suggestion that the exam was administered or interpreted erroneously or is otherwise unreliable.[6]

With her third rationale, the ALJ takes issue with the fact that Plaintiff demonstrated normal IQ for his age on one set of examinations designed to test intellectual function but demonstrated well below-average adaptive functioning equivalency (between two and five years old) based on a different assessment designed to measure adaptive functioning. R. 38-39. Plaintiff argues the ALJ impermissibly played doctor by using this rationale to justify her decision, and the Court agrees. Dkt. 23 at 6-7. The problem with this reasoning is it assumes that

---

[6] The Commissioner also suggests the ALJ meant to convey her concern that the SIB-R testing instrument records were not included in the report. Dkt. 30 at 15. However, assuming this was the ALJ's concern, the Court wonders what the ALJ would glean from having these documents, particularly because only a medical expert would be qualified to opine on the meaning of those test results. However, if the ALJ wishes to obtain these records to allow another medical expert to opine on them, she may ask for them on remand.

if Plaintiff possesses relatively average intellectual function, he must also necessarily possess average adaptive functioning.[7] The ALJ did not cite to, and the Commissioner does not identify, any medical opinion to support her assumption that Plaintiff's adaptive and intellectual functioning must directly correlate. To the contrary, the more reasonable inference is that because adaptive and intellectual functioning were tested separately, they may manifest at different levels in a given individual with autism. Otherwise, there would be no need to test these metrics separately. Indeed, according to the Diagnostic and Statistical Manual of Mental Disorders, though intellectual and adaptive deficiencies do ordinarily appear together in those diagnosed with autism, autism may nonetheless be diagnosed as occurring with or without an intellectual impairment component. *See* AM. PSYCHIATRIC ASS'N, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 50-51 (5th ed. 2013). Regardless, interpreting the results of the intellectual and adaptive functioning examinations is a medical professional's province, not the ALJ's or this Court's. By assuming Plaintiff must demonstrate similar age equivalency between two different sets of tests meant to measure two separate indicia of cognitive function (intellectual ability and adaptive capacity), the ALJ replaced the meaning of these medical evaluations with her own opinion, which she is not permitted to do. *See, e.g.*, *McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996); *Swagger v. Colvin*, No. 14 CV 50020, 2015 U.S. Dist. LEXIS 151502, at *17 (N.D. Ill. Nov. 4, 2015). Therefore, absent an expert's opinion supporting it, this rationale cannot support the ALJ's weight determination.

---

[7] Although the ALJ gave greater weight to the two State agency medical opinions in the record to support her conclusion that Plaintiff was not as functionally limited as alleged, neither of those opinions stand for the specific proposition that a person with autism must test similarly in intelligence and adaptive functioning based on the assessments Dr. Wade and Ms. Bormett used to formulate their opinion.

Finally, the ALJ points out that Plaintiff engaged in various age appropriate community activities, thus conflicting with the SIB-R adaptive function assessment which reflected severely reduced social ability.[8] However, the ALJ again plays doctor with this reasoning. According to their report, Dr. Wade and Ms. Bormett were aware of at least some of Plaintiff's daily activities when they evaluated the results of the SIB-R, examined Plaintiff and administered intelligence testing, and wrote their report, and at no point did they opine that those activities were inconsistent with the results of the SIB-R assessment. R. 512 (describing some of Plaintiff's "perseverative areas of interest" including video games, anime, geometry, animation, and 3-D programming). More importantly, the State agency opinions upon which the ALJ relies are silent on this issue because they were prepared before the SIB-R and accompanying opinion were completed, therefore the State agency doctors had no opportunity to opine on the SIB-R results. *See* R. 154-55, 157-59 (Dr. Howard Tin), 181-82, 184-86 (Dr. Richard Zaloudek). Without any medical opinion to support it, the ALJ has evaluated Plaintiff's community activities and made an independent medical determination that the results of the SIB-R medical assessment are inconsistent with those activities. However, only a doctor may make that medical determination.

Although Plaintiff raises arguments as to the ALJ's analysis of the two State agency opinions on record, the Court finds that remand is necessary regardless. The ALJ is required to evaluate all medical opinions in the record, 20 C.F.R. § 404.1527(c), and without any valid rationales left to support her analysis of the Dr. Wade and Ms. Bormett opinion, remand is required to allow the Commissioner to evaluate the opinion and determine what weight to afford

---

[8] In other parts of her opinion, the ALJ discussed how Plaintiff attended a weekly church program from December 2014 through February 2016, participated in a bowling league which ended in February 2015, and began seeing a tutor weekly beginning in February 2016. R.34-35. Plaintiff also attended church with his brother and a friend, played videogames with others online, wrote fan fiction and commented on others' fan fiction online on a home computer, participated in swing dance lessons through his church, and engaged in weekly guitar lessons. R. 35.

it using reasons supported by substantial evidence. *See Mattson v. Berryhill*, No. 16 CV 10533, 2017 U.S. Dist. LEXIS 182259, at *16-18 (N.D. Ill. Nov. 2, 2017).

## **CONCLUSION**

For those reasons, the Commissioner's motion for summary judgment is denied, Plaintiff's motion for summary judgment is granted, and the case is remanded for proceedings consistent with this opinion.

Date: February 3, 2020　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　　　　　Iain D. Johnston
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge